# Exhibit B

## Severance Agreement and General Release

1. Affinity Financial Corporation ("Affinity") and Malcolm Hollensteiner ("Employee") hereby enter into the following Severance Agreement and General Release (the "Agreement").

2. Affinity agrees to:

    a. <u>Payments on Termination Date.</u> Employee's employment with Affinity will terminate on September 25, 2009 ("Termination Date"). On the Termination Date, Affinity shall pay Employee all compensation and any accrued vacation, less legally mandated deductions and withholdings, owed to Employee as of the Termination Date;

    b. <u>Severance Payment.</u> On the condition that Employee has signed this Agreement within forty-five (45) days of being presented with the document and, further, has not revoked the general release set forth in Section 4 below within seven (7) days after signing the Agreement, upon the expiration of the seven-day revocation period, Affinity shall pay to Employee $23,076.93, less legally mandated deductions and withholdings ("Severance Payment"). Employee understands that absent the signing of this Agreement, he would not otherwise be entitled to this Severance Payment.

3. In consideration of the Severance Payment described above, Employee, his representatives, successors, and assigns do hereby completely release and forever discharge Affinity, its shareholders, officers, partners and all other representatives, agents, directors, employees, attorneys, successors and assigns (the "Affinity Releasees") from all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature and character, known or unknown, which Employee may now have, or has ever had, against them arising from or in any way connected with the employment relationship between the parties, any actions during the relationship, and/or the termination thereof, including, but not limited to, all "wrongful discharge" claims; and all claims relating to any contract of employment, express or implied; and covenant of good faith and fair dealing, express or implied; any tort of any nature; any federal, state, or municipal statute or ordinance; any claims under [delete "the"] Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, 42 USC §1981, the Employee Retirement and Income Security Act, the Americans with Disabilities Act, the California Fair Employment and Housing Act ("FEHA"), any labor and civil codes of the state of California, and any other laws and regulations relating to wages, benefits and employment discrimination and any and all claims for attorneys' fees and costs. Employee understands that this general release specifically excludes any waiver prohibited by statute.

4. In accordance with the Older Workers Benefit Protection Act of 1990, Employee is hereby advised as follows:

    a. He has the right to consult with an attorney before signing this Agreement, which includes a general release;

    b. He has up to forty-five (45) days to consider whether to sign this Agreement, which includes a general release; and

301027.1

c. He has seven (7) days after signing this Agreement to revoke the general release; otherwise the general release will become effective upon the expiration of that revocation period.

5. Employee understands and agrees that, as a condition of this Agreement, he is waiving any rights he may have under Section 1542 of the California Civil Code, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

With full awareness and understanding of the above provision, and after having any opportunity to confer with independently retained legal counsel, Employee hereby waives all rights that the above provision may provide. Employee expressly represent that he intends the general release in this Agreement to include claims that he does not presently know or suspect to exist.

6. Employee represents and warrants that he has not filed any complaints or charges or lawsuits against the Affinity Releasees, or any of them, with any governmental agency, any court, or any arbitration forum. Employee agrees that he will not file any claims, complaints, charges, lawsuits, arbitration demands, or appeals regarding any claims released in this Agreement against the Affinity Releasees, or any of them, with any governmental agency, court, or arbitration forum at any time hereafter, and that if any such agency, court, or arbitration forum assumes jurisdiction of any claim, complaint, charge, lawsuit, arbitration demand, or appeal against the Affinity Releasees, or any of them, on behalf of Employee, he will request that such agency, court, or forum withdraw from, dismiss, or otherwise close the matter.

7. Employee agrees that the existence of this Agreement and the existence of and terms and conditions of this Agreement are strictly confidential.

8. In the event that Employee revokes the Agreement in accordance with Section 4 above, this Agreement shall be null and void and of no force or effect.

9. This Agreement constitutes the entire understanding of the parties on the subjects covered. Employee expressly warrants that he has read and fully understands this Agreement; that he has had the opportunity to consult with legal counsel of his own choosing and to have the terms of this Agreement fully explained to him, that he is not executing this Agreement in reliance on any promises, representations or inducements other than those contained herein; and that he is executing this Agreement voluntarily, free of any duress or coercion.

10. This Agreement shall be construed and governed by the laws of the State of California. The parties hereto further agree that if, for any reason, any provisions hereof are unenforceable, the remainder of this Agreement shall nonetheless remain binding and in effect. Should legal action be necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of all reasonable fees, costs, and attorneys' fees incurred in connection with such enforcement action.

301027.1

_____        Dated: _____
Malcolm Hollensteiner


_____        Dated: _____
David R. Brown
President