**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |
|---|---|
| MALCOLM HOLLENSTEINER,<br><br>       Plaintiff,<br><br>       v.<br><br>WATERFIELD GROUP, *et al.*,<br><br>       Defendants. | Civil Action No.: 8:10-cv-00200 (AW) |

**DEFENDANT AFFINITY FINANCIAL
CORPORATION D/B/A WATERFIELD GROUP'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12 (a)(4)(A), Defendant Affinity Financial Corporation, d/b/a

Waterfield Group ("AFC"),[1] hereby Answers Plaintiff Malcolm Hollensteiner's ("Plaintiff")

Second Amended Complaint ("SAC"), and avers as follows:

**NATURE OF THE ACTION**

1.      AFC avers that the allegations of this paragraph are immaterial to the litigation

and require no response.  To the extent a response is required, however, AFC denies the

allegations of this paragraph.

2.      AFC denies the allegations of this paragraph.

3.      AFC avers that the allegations of this paragraph are legal conclusions which

require no response.  To the extent a response is required, however, AFC denies the allegations

of this paragraph.  Upon information and belief, AFC specifically denies the allegations that

AFC entered into an employment contract with Plaintiff.  AFC further avers that the document

---

[1] Although named in the SAC as a co-defendant, Waterfield Group is only a d/b/a of Affinity Financial
Corp., which was the parent company of Waterfield Bank.

referred to in Paragraph 3 speaks for itself, and AFC denies the allegations in Paragraph 3 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's employment contract.

4.      AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

## JURISDICTION AND VENUE

5.      With respect to the allegations of this paragraph, AFC admits only that the U.S. District Court for the District of Maryland, Southern Division, has original, diversity jurisdiction over Plaintiff's claims.

6.      With respect to the allegations of this paragraph, AFC admits only that the U.S. District Court for the District of Maryland, Southern Division, has original, diversity jurisdiction over Plaintiff's claims.

## PARTIES

7.      AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

8.      AFC admits that it is an Indiana corporation, with its principal place of business in Irvine, California, and Waterfield Group is a d/b/a of AFC.  As to the remaining allegations of Paragraph 8, AFC denies all remaining allegations.

9.      AFC avers that it was the parent company of Waterfield Bank, until Waterfield Bank entered Receivership with the Federal Deposit Insurance Corporation on March 5, 2010, and that Waterfield Bank had offices in Germantown, Maryland and Bethesda, Maryland at various times.  As to the remaining allegations of Paragraph 9, AFC denies all remaining

allegations.

10.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

11.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

12.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

13.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

14.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

15.     AFC denies that it entered into an employment contract with Plaintiff.  AFC further avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, on that basis, denies the remaining allegations of this paragraph.  AFC further avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.

16.     AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of

3

its content.  AFC denies the allegations in Paragraph 16 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

17.      AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 17 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

18.      AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 18 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

19.      AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

20.      AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 20 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

21.      AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 21 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

22.      AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 22 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

23.      AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

24.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

25.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

26.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

27.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

28.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

29.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

30.     AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 30 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

31.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations

of this paragraph.  Upon information and belief, AFC specifically denies the allegations that

AFC entered into an employment contract with Plaintiff, or that AFC was Plaintiff's employer.

32.     AFC avers that the allegations of this paragraph are legal conclusions which

require no response.  To the extent a response is required, however, AFC denies the allegations

of this paragraph.  Upon information and belief, AFC specifically denies the allegations that

AFC entered into an employment contract with Plaintiff, or that AFC was Plaintiff's employer.

33.     AFC avers that it lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of

this paragraph.

34.     AFC avers that it lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of

this paragraph.

35.     AFC avers that it lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of

this paragraph.

36.     AFC avers that it lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of

this paragraph.

37.     AFC avers that it lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of

this paragraph.

38.     AFC denies the allegations of this paragraph.

39.     AFC denies the allegations of this paragraph.

40.     AFC denies the allegations of this paragraph.

41.     AFC denies the allegations of this paragraph.

42.     AFC denies the allegations of this paragraph.

43.     AFC denies the allegations of this paragraph.

44.     AFC avers that Plaintiff's Exhibit A speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 44 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit A.

45.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

46.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

47.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

48.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.  AFC further avers that Plaintiff's Exhibit B speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 48 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit B.

49.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

50.     AFC avers that Plaintiff's Exhibit B speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 50 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit B.

51.     AFC avers that Plaintiff's Exhibit B speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 51 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit B.

52.     AFC avers that Plaintiff's Exhibit B speaks for itself and is the best evidence of its content.  AFC denies the allegations in Paragraph 52 to the extent they seek to characterize, or otherwise misrepresent, Plaintiff's Exhibit B.

53.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION

54.     AFC repeats and realleges its averments with respect to the preceding paragraphs as if fully set forth herein.

55.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

56.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

57.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

58.     AFC denies the allegations of this paragraph.

59.     AFC denies the allegations of this paragraph.

60.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

61.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

62.     AFC repeats and realleges its averments with respect to the preceding paragraphs as if fully set forth herein.

63.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

64.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

65.     AFC denies the allegations of this paragraph.

66.     AFC denies the allegations of this paragraph.

67.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

68.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

69.     AFC repeats and realleges its averments with respect to the preceding paragraphs as if fully set forth herein.

70.     AFC denies the allegations of this paragraph.

71.     AFC denies the allegations of this paragraph.

72.     AFC denies the allegations of this paragraph.

73.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

74.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

75.     AFC repeats and realleges its averments with respect to the preceding paragraphs as if fully set forth herein.

76.     AFC denies the allegations of this paragraph.

77.     AFC denies the allegations of this paragraph.

78.     AFC denies the allegations of this paragraph.

79.     AFC denies the allegations of this paragraph.

80.     AFC denies the allegations of this paragraph.

81.     AFC denies the allegations of this paragraph.

82.     AFC avers that the allegations of this paragraph are legal conclusions which require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

## FIFTH CAUSE OF ACTION

83.     AFC repeats and realleges its averments with respect to the preceding paragraphs as if fully set forth herein.

84.     AFC denies the allegations of this paragraph.

85.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

86.     AFC avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and, on that basis, denies the allegations of this paragraph.

87.     AFC denies the allegations of this paragraph.

88.     AFC denies the allegations of this paragraph.

89.     AFC denies the allegations of this paragraph.

90.     AFC avers that the allegations of this paragraph are legal conclusions which

require no response.  To the extent a response is required, however, AFC denies the allegations of this paragraph.

**ALL PRAYERS FOR RELIEF**

AFC denies that Plaintiff is entitled to any relief.  On information and belief, AFC further denies all allegations not previously admitted or denied, including any titles, headers, footnotes, and "Wherefore" clauses in the Complaint.

**AFFIRMATIVE DEFENSES**

AFC asserts the following affirmative and other defenses to the Complaint.

**FIRST DEFENSE**

1.      Plaintiff fails to state any claim upon which relief may be granted.

**SECOND DEFENSE**

2.      Plaintiff's claims are barred or reduced by his assumption of the risk, contributory negligence, mistake or fraud.

**THIRD DEFENSE**

3.      Plaintiff's claims are barred or reduced to the extent any injury to Plaintiff was caused by the acts or omissions of third parties for whom AFC is not responsible.

**FOURTH DEFENSE**

4.      AFC is entitled to an offset of any liability it may have.

**FIFTH DEFENSE**

5.      Plaintiff is barred from entitlement to any relief by virtue of his unclean hands and breaches of statutory, common law, and other duties.

**SIXTH DEFENSE**

6.      Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.

12

## SEVENTH DEFENSE

7.      Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

8.      Plaintiff's claims are barred to the extent Plaintiff lacks standing or the capacity to

sue.

## NINTH DEFENSE

9.      Plaintiff failed to mitigate any damages or injury.

## TENTH DEFENSE

10.     Plaintiff's claims are barred by the doctrines of res judicata and collateral

estoppel.

## ELEVENTH DEFENSE

11.     Plaintiff failed to join a necessary and/or indispensable party to this action.

## TWELFTH DEFENSE

12.     Plaintiff's equitable claims are barred by the existence of a contract.

## THIRTEENTH DEFENSE

13.     Plaintiff's claims are barred by any other matter constituting an avoidance or

affirmative defense on legal or equitable grounds.  To the extent that Plaintiff failed to set forth

his claims with sufficient particularity to permit AFC to determine all applicable and available

defenses, AFC reserves the right to amend and/or supplement this Answer with additional

defenses when and if such information is ascertained.

WHEREFORE, AFC demands the following relief:

1.      Dismissal of Plaintiff's Complaint;

2.      Judgment in favor of AFC;

13

3.        An award of costs and attorneys' fees; and

4.        Such other relief that the Court may deem just and equitable.


Dated: October 3, 2011                          Respectfully submitted,

                                                WEINER BRODSKY SIDMAN KIDER PC


                                By:     /s/Scott D. Burke_____
                                        Scott D. Burke (Bar No. 016117)
                                        David M. Souders (Bar No. 441491)
                                        1300 19th Street, NW, Fifth Floor
                                        Washington, DC 20036
                                        Telephone: (202) 628-2000
                                        Facsimile: (202) 628-2011
                                        souders@wbsk.com
                                        burke@wbsk.com

                                        *Attorneys for Defendant Affinity Financial*
                                        *Corporation, d/b/a Waterfield Group.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd of October, 2011, a copy of the foregoing was served

upon the following counsel of record via electronic notification:

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1015 18th Street, N.W.
Suite 601
Washington, D.C.  20036
*Counsel for Plaintiff Malcolm Hollensteiner*

Erik H. Nyce
DeCaro, Doran, Siciliano, Gallagher &
DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
*Counsel for Defendant the Federal Deposit*
*Insurance Corporation, as Receiver*


/s/Scott D. Burke_____
Scott D. Burke (Bar No. 016117)


F:\99447\003\AFC Hollensteiner SAC Answer.doc

15